Case 5:18-mj-00243-DUTY *SEALED* Document 3 *SEALED* Filed 06/07/18 Page 1 of 9 Page ID #:43
Case 5:18-cr-00243-JFW Document 112 Filed 06/19/18 Page 85 of 9 Page ID #:43

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Central District of California

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 5:18-MJ-243
Three Digital Devices Seized on May 24, 2018, and in the )
Custody of USPIS in San Bernardino, CA )
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __Central__ District of __California__
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property. Such affidavit(s) or testimony are incorporated herein by reference. ~~and attached hereto.~~  SP

**YOU ARE COMMANDED** to execute this warrant on or before __14 days from the date of its issuance__
                                                                *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
__on duty at the time of the return through a filing with the Clerk__'s Office.
                         *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30).*
                                                          ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: __June 7, 2018 at 12:40 p.m.__        _____/s/_____
                                                              *Judge's signature*

City and state: __Riverside, California__          __Hon. Sheri Pym, U.S. Magistrate Judge__
                                                       *Printed name and title*

AUSA: Veronica Dragalin (x0647)

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| | Return | |
|---|---|---|
| Case No.:<br>5:18-MJ-243 | Date and time warrant executed:<br>6/14/2018    9:00 AM | Copy of warrant and inventory left with:<br>N/A |
| Inventory made in the presence of :<br>N/A | | |

*Inventory of the property taken and name of any person(s) seized:*
[Please provide a description that would be sufficient to demonstrate that the items seized fall within the items authorized to be seized pursuant to the warrant (e.g., type of documents, as opposed to "miscellaneous documents") as well as the approximate volume of any documents seized (e.g., number of boxes). If reference is made to an attached description of property, specify the number of pages to the attachment and any case number appearing thereon.]

    Images of Social Security Cards not belonging to Padgett
    Images of checks not issued to or from Padgett
    Autofill data containing victims identifiers.
    SMS messages related to obtaining credit cards and making ID's to rent vehicles.

*Certification* (by officer present during the execution of the warrant)

*I declare under penalty of perjury that I am an officer who executed this warrant and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.*

Date: 6/14/2018

*Executing officer's signature*

Brad Barnes    Postal Inspector
*Printed name and title*

AUSA: Veronica Dragalin (x0647)

# ATTACHMENT A

PROPERTY TO BE SEARCHED

The following digital devices (the "SUBJECT DEVICES"), seized on May 24, 2018, and currently maintained in the custody of the United States Postal Inspection Service in San Bernardino, California:

1. A black Samsung smartphone model number SM-G900A, serial number R38F80PPJNX, and IMEI number 354691060031448;

2. A black Verizon 4GLTE LG smartphone, model number LG-VS425LPP, serial number 707VTDN1359906, and IMEI number 358402083569208; and

3. A black Sandisk Cruzer Glide 8GB USB drive.

## ATTACHMENT B

**I.  ITEMS TO BE SEIZED**

1.   The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of 18 U.S.C. § 371 (Conspiracy), 18 U.S.C. § 1708 (Possession of Stolen Mail), 18 U.S.C. § 1344 (Bank Fraud), 18 U.S.C. § 1028 (Fraud and Related Activity in Connection with Identification Documents, Authentication Features, and Information), 18 U.S.C. § 1029 (Access Device Fraud), and 18 U.S.C. § 1028A (Aggravated Identity Theft), (the "Subject Offenses"), namely:

   a.   Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show address book information, including all stored or saved telephone numbers;

   b.   Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show call log information, including all telephone numbers dialed from any of the SUBJECT DEVICES and all telephone numbers accessed through any push-to-talk functions, as well as all received or missed incoming calls;

   c.   Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show SMS text, email communications or other text or written communications sent to, saved to, or received from any of the SUBJECT DEVICES relating to the Subject Offenses;

   d.   Records, documents, programs, applications, photographs, screenshots, images, or materials relating to

i

United States Postal Service keys or locks, including counterfeit versions of such keys and locks and equipment used to create such keys; mail or mail matter (whether opened or unopened); and/or access devices, including credit cards, debit cards, gift cards, bank accounts, or other financial institution accounts;

   e. Records, documents, programs, applications, photographs, screenshots, images, or materials containing personal identifying information for any individual who is not PADGETT, such as names, social security numbers, phone numbers, addresses, e-mail addresses, bank account numbers, driver's license numbers, identification cards, credit cards, credit card numbers, billing statements, bank or credit card statements, and passwords or passcodes;

   f. Software, devices, or tools used to obtain, create, or use counterfeit or unauthorized checks, coupons, or access devices such as credit, debit, bank, and gift cards;

   g. GPS locations stored on the SUBJECT DEVICES;

   h. The content of any calendar or date book stored on the SUBJECT DEVICES; and

   i. Any SUBJECT DEVICE which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Subject Offenses, and forensic copies thereof.

   j. With respect to any SUBJECT DEVICE containing evidence falling within the scope of the foregoing categories of items to be seized:

Case 5:18-mj-40024-TJJ *SEALED* Document 3 Filed 05/07/18 Page 6 of 9
Case 1:18-cr-00243-FDS *SEALED* Document 2-1 *SEALED* Filed 06/07/18 Page 6 of 9 PageID #: 30
Page ID #:48

          i. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

          ii. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

          iii. evidence of the attachment of other devices;

          iv. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

          v. evidence of the times the device was used;

          vi. passwords, encryption keys, and other access devices that may be necessary to access the device;

          vii. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

          viii. records of or information about Internet Protocol addresses used by the device;

          ix. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages,

iii

search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

**II.  SEARCH PROCEDURE FOR DIGITAL DEVICES**

2. In searching the SUBJECT DEVICES (or forensic copies thereof), law enforcement personnel executing this search warrant will employ the following procedure:

a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") may search any SUBJECT DEVICE capable of being used to facilitate the above-listed violations or containing data falling within the scope of the items to be seized.

b. The search team will, in its discretion, either search each SUBJECT DEVICE where it is currently located or transport it to an appropriate law enforcement laboratory or similar facility to be searched at that location.

c. The search team shall complete the search of the SUBJECT DEVICES as soon as is practicable but not to exceed 120 days from the date of issuance of the warrant. The government will not search the digital devices beyond this 120-day period without obtaining an extension of time order from the Court.

d. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

i. The search team may subject all of the data contained in each SUBJECT DEVICE capable of containing any of the items to be seized to the search protocols to determine whether the SUBJECT DEVICE and any data thereon falls within the

iv

scope of the items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the scope of the items to be seized.

    ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

    iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

  e. If the search team, while searching a SUBJECT DEVICE, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of that SUBJECT DEVICE pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

  f. If the search determines that a SUBJECT DEVICE does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the SUBJECT DEVICE and delete or destroy all forensic copies thereof.

  g. If the search determines that a SUBJECT DEVICE does contain data falling within the list of items to be seized,

the government may make and retain copies of such data, and may access such data at any time.

      h.    If the search determines that the SUBJECT DEVICE is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

      i.    The government may also retain a SUBJECT DEVICE if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

      j.    After the completion of the search of the SUBJECT DEVICES, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

    3.    The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.